MDR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Jaspreet Singh,

Petitioner,

v.

Markwayne Mullin, et al.,

Respondents.

No. CV-26-03975-PHX-SMB (JFM)

**ORDER**

Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner alleges he is entitled to a bond hearing under 8 U.S.C. § 1226(a) but is instead being detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Under § 1225(a), any alien who enters the United States illegally, who has not been previously lawfully admitted, is "deemed for purposes of this chapter an applicant for admission" under 8 U.S.C. § 1225(a)(1). *See Chavez v. Noem*, 819 F. Supp. 3d 958, 959-61 (D. Ariz. 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Further, an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

Based on Petitioner's allegations, the Court finds that Petitioner is present without having been admitted and is therefore treated as an applicant for admission under 8 U.S.C.

§ 1225(a)(1). The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt is entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies. Petitioner is therefore not entitled under the Immigration and Nationality Act to a bond hearing under 8 U.S.C. § 1226(a) or the Due Process Clause. The Petition will therefore be denied.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 9th day of June, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 2 -